UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERTO DORSAINVIL,                                Case No.: 9:24cv81514

    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION, LLC, and EQUIFAX
INFORMATION SERVICES, INC.,

    Defendants,
_____/

**COMPLAINT FOR DAMAGES**
**JURY DEMAND**

1.    Plaintiff, ROBERTO DORSAINVIL ("Plaintiff" or "Mr. Dorsainvil") brings this action against Defendants EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and EQUIFAX INFORMATION SERVICES, INC. for violations of 15 U.S.C. § 1681 *et. seq.,* ("FCRA") as set forth below.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Additionally, the jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3.    Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Palm Beach County, Florida.

**PARTIES**

4.    Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Palm Beach County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5.    Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter

"Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6. Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

7. Defendant, Equifax Information Services, LLC is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

8. Experian, Trans Union, and Equifax shall be collectively referred to as the Credit Reporting Agencies ("CRAs").

## FACTUAL ALLEGATIONS

9. On April 26, 2023 Plaintiff was sued in Palm Beach County Court in connection with a Capital One Bank credit card ("Account") despite the fact that he never opened such an account. *See Capital One, N.A., v. Roberto Dorsainvil,* Case no. 50-2023-SC-006554XXXXMB (Palm Beach Cty. Ct.) ("State Court Action").

10. Upon learning of the case against him, Plaintiff filed a police report on July 18, 2023 with the Boynton Beach Police Department.

11. Plaintiff sent a dispute letter to the CRAs dated November 16, 2023 to address the Account opened due to identity theft, which attached a Police Report and documents to verify his identity ("Initial Dispute"). A redacted copy of the Initial Dispute is attached as Exhibit "A."

12. Upon receiving the Initial Dispute, the CRAs initially deleted the Account.

13. However, after the Initial Dispute was received and deleted Trans Union notified Mr. Dorsainvil that the Account had been reinserted to his credit file.

14. In cases where a disputed item is deleted from a consumer report, such information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate. 15 U.S.C. §1681i(a)(5)(B)(i).

15. If any information that has been deleted from a consumer's file pursuant to subparagraph (A) is reinserted in the file, the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion or, if authorized by the consumer for that purpose, by any other means available to the agency. 15 U.S.C. §1681i(a)(5)(B)(ii).

16. Neither Equifax nor Experian notified Plaintiff that the Account would be reinserted into his credit file.

17. Alternatively, neither Equifax nor Experian notified Plaintiff that the Account would be reinserted within the time required by the §1681i(a)(5)(B)(ii).

18. Because the Account was reinserted into his credit files Plaintiff sent a second dispute letter to the CRAs on April 11, 2024 which reattached the Police Report and identification documents ("Second Dispute"). A redacted copy of the Second Dispute is attached as Exhibit "B."

19. On September 5, 2024 the State Court Action was dismissed with prejudice. A copy of the dismissal is attached as Exhibit "C."

20. Upon receiving the Second Dispute, the CRAs relayed that information to Capital One who failed to conduct a reasonable investigation, and then furnished inaccurate information to the CRAs.

21. The CRAs reliance on Capital One in the Second Dispute has caused the Account to remain on Plaintiff's credit files when evaluating Plaintiff's credit worthiness.

22. On or about October 28, 2024, Plaintiff applied for credit with Credit First National Association, but he was denied based on information obtained in an Equifax report.

23. The Account has remained on Plaintiff's Experian and Trans Union credit files following the Second Dispute and has been present when he has applied for credit or insurance.

24. Plaintiff's applications for credit are listed as Hard Inquiries on his credit files.

25. One or more of the enumerated Hard Inquiries have resulted in damages to Plaintiff in multiple forms, including economic and non-economic harm because the Account was still present on Plaintiff's credit files when he submitted certain applications.

26. These hard inquiries are the equivalent of applications for credit, which have either resulted in one or more denials of credit, or has affected Plaintiff's application(s) by providing an increased interest rate based on a reduced credit score.

## COUNT I – VIOLATIONS OF 15 U.S.C. 1681c-2
## AGAINST EXPERIAN FOR SECOND DISPUTE

27. Plaintiff incorporates by reference the allegations in paragraphs 1 – 5, 8 – 21, and 23 - 26.

28. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

29. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

30. During the relevant time frame, Experian received Plaintiff's Second Dispute which identified the Account as fraudulent and was accompanied by a Police Report.

31. Experian failed to block the information that Plaintiff specifically identified was the result of identity theft in violation of section 1681c-2.

32. Experian's acts and/or omissions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to U.S.C. 1681n.

33. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. 1681o.

34. As a result of Experian's failure to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in Plaintiff's credit file resulting from identity theft, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian in the form of:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury;

    c. Statutory damages as determined by the Court;

    d. Attorneys' fees, litigation expenses and costs;

    e. Interest as permitted by law; and

    f. Such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT II – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EXPERIAN FOR BOTH DISPUTES

35. Plaintiff incorporates by reference the allegations in paragraphs 1 – 5, 8 – 21, and 23 – 36.

36. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

37. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

38. During the relevant time period, Experian received Plaintiff's Initial Dispute regarding the CAPITAL ONE Account, which was reasonably disputed by Plaintiff as being the result of fraud.

39. Experian violated 15 U.S.C. §1681i(a)(5) by failing to notify Plaintiff of the reinsertion of the Account in Plaintiff's consumer file, of the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information, and of her right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information within five business days after said reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii) and (iii).

40. During the relevant time period, Experian received Plaintiff's Initial Dispute regarding the CAPITAL ONE account which Plaintiff reasonably disputed did not belong to her by providing detailed information and supporting documentation.

41. During the relevant period, Experian received Plaintiff's Second Dispute regarding the Account which he reasonably disputed did not belong to him by providing detailed information and supporting documentation.

42. Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

43. Experian unreasonably relied on information provided by CAPITAL ONE, when readily verifiable information that Plaintiff provided in the Second Dispute placed Experian on notice that CAPITAL ONE's information was inaccurate and unreliable.

44. Experian unreasonably relied on information provided by Capital One, when readily verifiable information that Plaintiff provided in her Second Dispute placed Experian on notice that Capital One's information was inaccurate and unreliable.

45. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

46. In the alternative, Experian negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

47. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to his reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian in the form of:

 a. Actual damages in an amount to be determined by the jury;

 b. Punitive damages in an amount to be determined by the jury;

 c. Statutory damages as determined by the Court;

 d. Attorneys' fees, litigation expenses and costs;

 e. Interest as permitted by law; and

f. Such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT III – VIOLATION OF 15 U.S.C. § 1681e(b) AGAINST EXPERIAN

48. Plaintiff incorporates by reference his allegations in paragraphs 1 – 5, 8 – 21, and 23 – 36.

49. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

50. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

51. During the relevant time period, Experian received Plaintiff's Second Dispute regarding the CAPITAL ONE account, which Plaintiff reasonably disputed did not belong to him by providing detailed information and supporting documentation.

52. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

53. Any users of credit reports saw the information related to the Capital One account after the Second Dispute was reinvestigated, which was a substantial factor in any credit or insurance applications.

54. As a result of Experian's failures Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian in the form of:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Statutory damages as determined by the Court;

d. Attorneys' fees, litigation expenses and costs;

e. Interest as permitted by law; and

f. Such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT IV – VIOLATIONS OF 15 U.S.C. §1681c-2
## AGAINST TRANS UNION FOR SECOND DISPUTE

55. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8 – 21, and 23 – 36.

56. At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

57. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

58. During the relevant period, Trans Union received Plaintiff's Second Dispute which identified the Account as fraudulent and was accompanied by a Police Report.

59. Trans Union failed to block the information that Plaintiff specifically identified was the result of identity theft in violation of section 1681c-2.

60. Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. 1681o.

61. In the alternative, Trans Union's acts and/or omissions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to U.S.C. 1681n.

62. Because of Trans Union's failure to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in Plaintiff's credit file resulting from identity theft, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court enter the following relief for Plaintiff and against Trans Union for:

   a. Actual damages in an amount to be determined by the jury;
   b. Punitive damages in an amount to be determined by the jury;
   c. Statutory damages as determined by the Court;
   d. Attorneys' fees, litigation expenses and costs;
   e. Interest as permitted by law; and
   f. Such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT V – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST TRANS UNION FOR SECOND DISPUTE

79. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8 – 21, and 23 - 36.

80. At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

81. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

82. During the relevant time frame, Trans Union received Plaintiff's Second Dispute regarding the Account which he reasonably disputed did not belong to him by providing detailed information and supporting documentation.

83. Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

83. Trans Union unreasonably relied on information provided by CAPITAL ONE when readily verifiable information that Plaintiff provided in her disputes placed Trans Union on notice that CAPITAL ONE's information was inaccurate.

84. Because of Trans Union's FCRA violations, Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on a reduced credit score.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for:

    a. actual damages,

    b. statutory damages,

    c. punitive damages,

    d. attorneys' fees, litigation expenses and costs,

    e. and such other relief as the Court deems just and proper.

## **COUNT VI – VIOALTIONS OF 15 U.S.C. §1681e(b)**
## **AGAINST TRANS UNION**

85. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 6, 8 – 21, and 23 – 36.

86. At all times relevant hereto, Trans Union was and is a "consumer reporting agency" as defined by the FCRA.

87. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

88. During the relevant time period, Trans Union received Plaintiff's Second Dispute regarding the Account.

89. Following Plaintiff's Second Dispute, Trans Union was on notice of inaccuracies within Plaintiff's credit file regarding the CAPITAL ONE Account. However, Trans Union's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

90. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

91. Any users of credit reports saw the information related to the CAPITAL ONE account after the Second Dispute was reinvestigated, which was a substantial factor in the credit and/or insurance that was ultimately offered to Plaintiff.

92. Because of Trans Union's FCRA violations, Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on a reduced credit score.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Trans Union for:

a. actual damages,

b. statutory damages,

c. punitive damages,

d. attorneys' fees, litigation expenses and costs,

e. and such other relief as the Court deems just and proper.

### COUNT VII – VIOLATIONS OF 15 U.S.C. §1681c-2 AGAINST EQUIFAX FOR SECOND DISPUTE

93. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 7 – 22, and 24 – 26.

94. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

95. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

96. During the relevant time frame, Equifax received Plaintiff's Second Dispute which identified the Account as fraudulent and was accompanied by a Police Report.

97. Equifax failed to block the information that Plaintiff specifically identified was the result of identity theft in violation of section 1681c-2.

98. Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. 1681o.

99. In the alternative, Equifax's acts and/or omissions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to  U.S.C. 1681n.

100. Because of Equifax's failure to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in Plaintiff's credit file resulting from identity theft, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in Plaintiff's favor and against Equifax for the following forms of relief:

a. Actual damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Statutory damages as determined by the Court;

d. Attorneys' fees, litigation expenses and costs;

e. Interest as permitted by law; and

f. Such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT VIII – VIOLATIONS OF 15 U.S.C. 1681i
### AGAINST EQUIFAX FOR BOTH DISPUTES

101. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 7 – 22, and 24 – 26.

102. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

103. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

104. Equifax received Plaintiff's received Plaintiff's Initial Dispute regarding the

CAPITAL ONE Account, which was reasonably disputed by Plaintiff as being the result of fraud.

105. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to notify Plaintiff of the reinsertion of the Account in Plaintiff's consumer file, of the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information, and of her right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information within five business days after said reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii) and (iii).

106. Equifax received Plaintiff's Second Dispute regarding the accuracy of the account reported by CAPITAL ONE.

107. Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of inaccuracies contained therein.

108. Equifax unreasonably relied on CAPITAL ONE when readily verifiable information that Plaintiff provided in her disputes placed Equifax on notice that CAPITAL ONE's information was inaccurate.

109. Because of Equifax's FCRA violations Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on a reduced credit score.

WHEREFORE, prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for:

  a. actual damages,
  b. statutory damages,
  c. punitive damages,

    d. attorneys' fees, litigation expenses and costs,

    e. and such other relief as the Court deems just and proper.

## COUNT IX – VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

110. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4, 7 – 22, and 24 – 26.

111. During the relevant time frame, Equifax was and is a "consumer reporting agency" as defined by the FCRA.

112. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

113. Equifax was on notice of inaccuracies within Plaintiff's credit file concerning the CAPITAL ONE Account. However, Equifax's failure to correct the inaccuracies has left this inaccurate information within Plaintiff's file until it is removed or becomes obsolete.

114. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

115. Any users of credit reports saw the information related to the CAPITAL ONE account after the Initial Dispute was reinvestigated, which was a substantial factor in the credit and/or insurance that was ultimately offered to Plaintiff.

116. Because of Equifax's FCRA violations Plaintiff suffered actual damages that are recoverable under the FCRA such as emotional and mental distress, expenses associated with disputes, damage to reputation for credit worthiness, time spent dealing with credit report disputes, and paying increased amounts related to credit or insurance based on her reduced credit score.

WHEREFORE, prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for:

    a. actual damages,

    b. statutory damages,

    c. punitive damages,

    d. attorneys' fees, litigation expenses and costs,

    e. and such other relief as the Court deems just and proper.

## JURY DEMAND

117. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorneys for Plaintiff*